# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TRAVON EMMANUEL JONES,      )
                                             )
                  Petitioner,     )
                                             )      1:19CV685
            v.                      )      1:18CR305-1
                                             )
UNITED STATES OF AMERICA,     )
                                             )
                 Respondent.    )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a document entitled "Request for Copies of Any and All Related Case Files to the Above Referenced Case Numbers Pursuant to the Freedom of Information Act, Privacy Act and Vaughn v Rosen" (Docket Entry 43) in which he seeks an extensive list of materials, much of which does not even appear to be in the Court's possession. In any event, Petitioner's filing is not proper as styled. The federal courts are not "agencies" under FOIA and, therefore, are not subject to FOIA's disclosure requirements. 5 U.S.C. § 551(1)(B); United States v. Miramontez, 995 F.2d 56, 59 n.3 (5th Cir. 1993); United States v. Alcorn, 6 Fed. Appx. 315, 2001 WL 278705 (6th Cir. 2001) (unpublished). The Privacy Act adopts that same definition of "agency." Wilson v. Libby, 535 F.3d 697, 707 (D.C. Cir. 2008). Therefore, Petitioner cannot properly bring a FOIA or Privacy Act claim against the Court. As for "Vaughn v Rosen," that is a reference to the case of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), which dealt with the disclosure of documents in a Freedom of

Information Act request from the Bureau of Personnel Management. It is not related to, and does not authorize, any Freedom of Information Act request for documents from the Court.

Petitioner's intentions in seeking the documents he requests are unclear, but it appears that he intends to attack the conviction or sentence he received in this Court. The document he filed is not a recognizable method for achieving this goal. Instead, the proper avenue for such an attack is ordinarily a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Out of an abundance of caution, the Court will construe the submission as such a motion. However, the Motion cannot be further processed for the following reasons:

1.  The Motion is not on the proper § 2255 form.

2.  Petitioner does not set out any potential claims for relief.

Because of these pleading failures, this particular Motion will be dismissed, but without prejudice to Petitioner promptly filing a new motion properly following the 28 U.S.C. § 2255 forms and correcting the defects of the present Motion.[1] To further aid Petitioner, the Clerk

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. If Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255

2

is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow if he wishes to bring a claim under § 2255.

IT IS THEREFORE ORDERED that the Clerk is instructed to send Petitioner § 2255 forms and instructions.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms if he seeks to attack his sentence or conviction.

This, the 23rd day of July, 2019.

_____
Joe L. Webster
United States Magistrate Judge

---

forms in that instance. Finally, Petitioner may choose not to submit a motion, in which case his claims will not be considered further.

Case 1:18-cr-00305-LCB    Document 44    Filed 07/23/19    Page 3 of 3